# EXHIBIT "A"

22A01387

No. _____

**Date Summons Issued and E-Filed**

4/14/2022
_____

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**


**SUMMONS**


<u>**Jermaine Lee**</u>

_____

Plaintiff's name and address
**vs.**

<u>**HPT IHG-3 Properties LLC c/o registered agent**</u>

[X]　　JURY

<u>**Corporation Service Company, 2 Sun Court, Suite 400,**</u>

<u>**Peachtree Corners, GA 30092**</u>
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

<u>Andrae P. Reneau, Esq.</u>
Name
<u>900 Circle 75 Parkway, Suite 1250</u>　　　　　<u>Atlanta, GA 30339</u>
Address
<u>(404) 381-1300</u>　　　　　　　　　　　　　　<u>147026</u>
Phone Number　　　　　　　　　　　　　　Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____
Defendant's Attorney

_____
Address

_____
Phone No.　　　　　　　Georgia Bar No.

_____
Third Party Attorney

_____
Address

_____
Phone No.　　　　　　　Georgia Bar No.

**TYPE OF SUIT**

● Personal Injury □ Products Liability
□ Contract □ Medical Malpractice
□ Legal Malpractice □ Product Liability
□ Other

Principal $ <u>TBD</u>

Interest $ <u>TBD</u>

Atty Fees $ <u>TBD</u>

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
● Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for
service appears in the complaint.

No. 22A01387
_____

**Date Summons Issued and E-Filed**

4/14/2022
_____

/s/ Monica Gay
_____

Deputy Clerk

Deposit Paid $ _____

**[X]        JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

**Jermaine Lee**
_____
_____
Plaintiff's name and address
**vs.**

**Sonesta International Hotels Corporation c/o registered agent Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092**
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Andrae P. Reneau, Esq.
_____
Name
900 Circle 75 Parkway, Suite 1250               Atlanta, GA 30339
Address
(404) 381-1300                                              147026
Phone Number                                             Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____                    _____
Defendant's Attorney                                       Third Party Attorney

_____                    _____
Address                                                          Address

_____                    _____
Phone No.              Georgia Bar No.             Phone No.              Georgia Bar No.

**TYPE OF SUIT**

■ Personal Injury □ Products Liability          Principal $ TBD
□ Contract □ Medical Malpractice
□ Legal Malpractice □ Product Liability        Interest $ TBD
□ Other
                                                                   Atty Fees $ TBD

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
■ Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for
service appears in the complaint.

E-file summons1-2016                                          STATE COURT
                                                                           DEKALB COUNTY, C
                                                                           4/14/2022 12:13
                                                                           E-FIL

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

JERMAINE LEE,              )

           )

      Plaintiff,      )      CIVIL ACTION

           )      FILE NO. 22A01387

v.                 )

           )

SONESTA INTERNATIONAL HOTELS  )      <u>JURY TRIAL DEMANDED</u>

CORPORATION, HPT IHG-3 PROPERTIES  )

LLC, SONESTA ENTITIES NOS. 1-5,   )

SONESTA MANAGER #1, and SONESTA  )

MANAGER #2,              )

           )

      Defendants.    )

## <u>COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>

The Complaint ("Complaint") of the Plaintiff alleges the following:

## <u>PARTIES AND JURISDICTION</u>

1.

This action is brought by JERMAINE LEE who is a resident of the State of Georgia.

2.

At all times material hereto, Defendant SONESTA INTERNATIONAL HOTELS CORPORATION ("SONESTA HOTELS") was and is a foreign corporation, registered with the Georgia Secretary of State and authorized to do business in Georgia.   SONESTA HOTELS may be served by issuing an original Summons and a copy of the Complaint to its registered agent for service of process, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

3.

At all times material hereto, SONESTA HOTELS transacted business in DeKalb County, Georgia.

4.

Defendant SONESTA HOTELS is subject to the jurisdiction of this Court.

5.

Venue as to SONESTA HOTELS is proper in DeKalb County, Georgia.

6.

Defendant SONESTA HOTELS has been properly served with process in this action.

7.

At all times material hereto, Defendant HPT IHG-3 PROPERTIES LLC ("HPT IHG-3") was and is a foreign limited liability company, registered with the Georgia Secretary of State and authorized to do business in Georgia.  HPT IHG-3 may be served by issuing an original Summons and a copy of the Complaint to its registered agent for service of process, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092.

8.

At all times material hereto, HPT IHG-3 transacted business in DeKalb County, Georgia.

9.

Defendant HPT IHG-3 is subject to the jurisdiction of this Court.

10.

Venue as to HPT IHG-3 is proper in DeKalb County, Georgia.

11.

Defendant HPT IHG-3 has been properly served with process in this action.

12.

Defendants SONESTA ENTITIES NOS. 1-5 are additional owners, and/or employees of the owners, management companies and/or employees of the management companies, managers

2

and/or employers of the managers, operators and/or employees of operators, security companies and/or employees of the security companies and/or security personnel of the Subject Premises, which are currently unknown to Plaintiff.  Plaintiff will substitute the named entities currently known as SONESTA ENTITIES NOS. 1-5 upon receipt of that information from Defendants or other means. Said Defendants will be named and served with Summons and Complaint once their identities are known.

13.

Plaintiff has a good faith belief that Defendant SONESTA MANAGER #1 is a Georgia resident.  Defendant SONESTA MANAGER #1 will be properly served with the Summons and Complaint as soon as Defendants provide the name of the manager(s) at the relevant times herein.

14.

Defendant SONESTA MANAGER #1 is subject to the jurisdiction of this Court.

15.

Venue as to SONESTA MANAGER #1 is proper in DeKalb County, Georgia.

16.

Plaintiff has a good faith belief that Defendant SONESTA MANAGER #2 is a Georgia resident.  Defendant SONESTA MANAGER #2 will be properly served with the Summons and Complaint as soon as Defendants provide the name of the manager(s) at the relevant times herein.

17.

Defendant SONESTA MANAGER #2 is subject to the jurisdiction of this Court.

18.

Venue as to SONESTA MANAGER #2 is proper in DeKalb County, Georgia.

19.

Defendants SONESTA MANAGER #1 and SONESTA MANAGER #2 were agents or employees of the remaining Defendants at the time of the incident which is the subject of Plaintiff's Complaint.

20.

The names and addresses of Defendants SONESTA MANAGER #1 and SONESTA MANAGER #2 are currently unknown to Plaintiff.

21.

Plaintiff will substitute the named manager(s) currently known as Defendants SONESTA MANAGER #1 and SONESTA MANAGER #2 upon receipt of that information from Defendants or other means.

**FACTS**

22.

At all times material hereto, Defendants SONESTA HOTELS, HPT IHG-3, SONESTA ENTITIES NOS. 1-5, SONESTA MANAGER #1 and SONESTA MANAGER #2 (sometimes hereinafter collectively referred to as "Defendants"), owned, operated, controlled, managed and/or provided security type services at the premises located at 1901 Savoy Drive, Chamblee, GA 30341, known as the Sonesta ES Suites Atlanta - Perimeter Center East located in DeKalb County, Georgia (hereinafter sometimes referred to as the "Subject Premises").

23.

At the time of the incident at issue, Defendants had ownership, managerial, or other similar responsibilities and duties, via statute and/or contract, which included maintenance, security repairs, and inspection of the Premises in ensuring that it was maintained in a safe condition for

use by persons and invitees, including Plaintiff. Defendants' duties included ensuring the Premises remained in a safe condition even if Defendants were not physically present on the Premises. Defendants' duties included assurance the Premises remained in a safe condition for Plaintiff pursuant to O.C.G.A. §51-3-1 by their control, occupancy, ownership, or management or delegation thereof.

24.

At the time of the incident at issue, Defendants CVS Managers #1 and/or #2 were the agents, employees, or persons with apparent agency or authority working for one or more Defendants. Said Defendants were actively negligent in failing to ensure that the premises were kept in a safe condition. Said Defendants acted with misfeasance and were negligent which caused and/or contributed to the incident and Plaintiff's resulting damages.

25.

On or about May 25, 2020, the Plaintiff, JERMAINE LEE, was an invitee or otherwise known by Defendants to be present at the Subject Premises such that Defendants owed Plaintiff a duty of ordinary care.

26.

Prior to May 25, 2020, there had been numerous reports of incidents of criminal activity on or nearby the Subject Premises, about which the Defendants knew, or by the exercise of reasonable care, should have known.

27.

On May 25, 2020, while on the Subject Premises, Plaintiff JERMAINE LEE was shot with a deadly weapon during an apparent robbery attempt. Said incident occurred at Defendants' Subject Premises, which is located with DeKalb County, Georgia.

28.

Plaintiff JERMAINE LEE did nothing to provoke and/or instigate this attack and was at all times prior to the attack without knowledge that he was in danger.

29.

As a result of the attack, Plaintiff JERMAINE LEE suffered severe injury to his body.

## COUNT I

## VIOLATION OF O.C.G.A. § 51-3-1
### (Against all Defendants)

30.

Plaintiff repeats and re-alleges Paragraphs 1 through 29 of the Complaint above as if fully set forth herein.

31.

At all times material hereto, Defendants either owned, managed, operated, secured, provided security type services and/or were in control of the of the Subject Premises.

32.

At all times material hereto, Defendants had the duty under O.C.G.A. § 51-3-1 to keep the Subject Premises and approaches in a safe condition, and to prevent harm to invitees in the scope of ordinary care from foreseeable criminal acts of third parties, which should have put an ordinary and prudent person on notice of increased risk of harm.

33.

At all times material hereto, the Plaintiff, JERMAINE LEE, was an was an invitee on the Subject Premises and as such, was owed the duty of ordinary care to maintain the property in a reasonably safe condition to be protected against foreseeable criminal acts of third parties that would have put an ordinarily prudent property owner on notice.

6

34.

At all times material hereto, Defendants, through their respective agents and employees, knew or in the exercise of ordinary care should have known that the Subject Premises, and areas adjacent thereto, were in a <u>high crime</u> area, that there had been numerous criminal acts and attacks perpetrated on the public in said areas, and that criminal acts and attacks were reasonably likely to be perpetrated on Defendants' invitees, unless the Defendants took steps to provide proper security and warnings for the invitees.

35.

At all times material hereto, the Defendants through their respective agents and employees, knew or in the exercise of ordinary and diligent care should have known that numerous violent and non-violent criminal acts including, had occurred on the Subject Premises and/or areas adjacent thereto prior to May 25, 2020.

36.

Defendants through their agents and employees knew or in the exercise of reasonable care should have known that no individual, including the Plaintiff, had it within their power to take the measures necessary to provide for his own security on the Subject Premises.

37.

As a result of facts alleged in the paragraphs above, at all material times the criminal attack of Plaintiff was reasonably foreseeable, and Defendants were in a superior position to appreciate such dangers and take necessary steps to prevent harm to the invitees and tenants.

38.

On May 25, 2020, Defendants, by and through their agents and employees, breached their duty to exercise ordinary and diligent care for the safety and protection of the invitees, including Plaintiff, through the following acts of omission or commission:

A.    Failing to provide adequate security for its invitees, including the Plaintiff, JERMAINE LEE;

B.    Failing to warn its invitees, including JERMAINE LEE, of the nature and character of the Subject Premises and surrounding area when it knew or in the exercise of reasonable care should have known that <u>numerous criminal incidents of a similar nature</u> to the one herein (i.e. crimes against persons) had occurred on the Subject Premises and/or in the surrounding area prior to the herein incident;

C.    Failing to warn, protect, guard, and secure the safety of its invitees, including JERMAINE LEE, when the Defendants knew or should have known that the subject premises had a history of similar criminal acts being committed in the area, thereby creating a dangerous condition to those individuals on the Subject Premises;

D.    Failing to warn, protect, guard, and secure the safety of premises, when the Defendants knew or should have known that the Subject Premises had a history of similar criminal acts being committed on its property and in the area, thereby creating a dangerous condition to those individuals on the property;

E.    Failing to police, patrol, guard, deter, and otherwise provide adequate protection for its invitees, when Defendants knew or should have known of foreseeable criminal acts;

8

F.    Failing to hire and/or retain any private security personnel and/or off duty police officers to patrol and/or monitor the Subject Premises, thereby protecting its invitees, including JERMAINE LEE;

G.    Failing to have a sufficient number of security guards in visible areas to deter crime, thereby protecting its invitees and the public, including JERMAINE LEE;

H.    Failing to have an adequate number of security guards to protect its invitees, including JERMAINE LEE;

I.    Failing to hire and/or retain competent security guards to protect its invitees and the public, including JERMAINE LEE;

J.    Failing to properly train security guards to be reasonably skillful, competent, and/or qualified to exercise appropriate and proper security measures so that they could protect its invitees, including JERMAINE LEE;

K.    Failing to provide proper and sufficient lighting for the Subject Premises, including but not limited to exterior lighting and parking lot lighting to aid in deterring of criminal acts on the subject premises and surrounding areas;

L.    Failing to have surveillance cameras in such locations throughout the Subject Premises, to aid in deterring criminal acts including but not limited to the exterior of buildings and parking lots;

M.    Failing to have an adequate number of surveillance cameras on the premises and surrounding areas, to aid in deterring criminal acts including but not limited to the areas of the premises where the instant incident occurred;

N.      Failing to position surveillance cameras in appropriate locations and surrounding areas where JERMAINE LEE was attacked, were adequately visually monitored, and/or said cameras would act as a deterrent against criminal activity;

O.      Failing to have and/or maintain surveillance cameras in working condition such that every camera was able to monitor and record activity;

P.      Failing to implement adequate security policies, security measures, and security procedures necessary to protect JERMAINE LEE and other invitees;

Q.      Failing to take additional security measures after being put on notice that the security measures in force were inadequate;

R.      Failing to adequately provide an overall security plan that would meet the known industry standards and customs for safety in the community;

S.      Failing to instruct Defendants' employees and/or management, to instruct trespassers against loitering on its property.

T.      Preceding paragraphs A through S, individually and/or as a whole, represent deviations from the existing standard of care with regard to security as recognized by businesses; and

U.      Additional acts of negligence not yet discovered.

39.

Defendants, through their agents and employees, failed to have any procedures governing the inspection, supervision, and/or security on the Subject Premises where the subject incident occurred; or in the alternative,

A.      Defendants, through their agents and employees, did in fact have procedures governing the inspection, supervision, and security of the Subject Premises as a

whole; however, the Defendants failed to implement said procedures; or in the alternative,

B.   Defendants, through their agents and employees, did have procedures governing the inspection, supervision, and security of the Subject Premises as a whole but exercised the same in a careless and negligent manner.

### 40.

At all material times, Defendants, through their agents and employees, negligently failed to hire persons, employees, and/or agents reasonably suited for providing, implementing and maintaining proper security measures adequate to ensure the safety of its invitees, including the areas of the Subject Premises where the subject incident occurred.

### 41.

At all material times, Defendants, through their agents and employees, negligently failed to maintain a policy, procedure or system of investigating, reporting and warning of the aforementioned criminal activity and negligently maintained the Subject Premises.

### 42.

At all material times, Defendants SONESTA MANAGER #1 and SONESTA MANAGER #2 were the agents, employees, or persons with apparent agency or authority working for one or more Defendants.  Defendants SONESTA MANAGER #1 and SONESTA MANAGER #2 acted with misfeasance which caused or contributed to the shooting at issue.

### 43.

Defendants breached their duties to keep the Subject Premises well maintained and safe via contract or agreement to which Plaintiff was a beneficiary.

44.

The negligence of the Defendants proximately caused injury to JERMAINE LEE, and directly led to the criminal attack on JERMAINE LEE in that:

A.   There was inadequate and/or nonexistent visible deterrence to prevent said criminal assault;

B.   There was inadequate and/or nonexistent physical deterrence to prevent said criminal assault;

C.   Criminals could carry out physical assaults and/or loiter on the Subject Premises without fear of being caught, discovered, and/or prosecuted; and

D.   An atmosphere was created at the Subject Premises which facilitated the commission of crimes against persons, through its disregard for prior similar crimes, disregard of its premises being located in a high crime area and disregard for crimes that would have put an ordinary prudent person on notice.

45.

At all times material hereto, the Defendants, did cause the Plaintiff, JERMAINE LEE, to sustain severe personal injuries, on that they knew or should have known of the foreseeable criminal activity on the Subject Premises, and by failing to prevent harm to its invitees from foreseeable criminal acts of third parties.

46.

That as a direct and proximate result of the negligence of the Defendants, the Plaintiff, JERMAINE LEE, suffered bodily injuries, and has experienced physical pain and suffering and mental pain and anguish, loss of enjoyment of life in the past and will continue to suffer such losses in the future.  The Plaintiff has incurred and will continue to incur medical, nursing and other

related expenses in the future. Plaintiff has incurred significant medical expenses, which to date total approximately $242,000.91.

47.

By reason of the foregoing, the Plaintiff, JERMAINE LEE, is entitled to recover compensatory damages, and special damages from Defendants, in amounts to be proven at trial.

**COUNT II**

**PRIVATE NUISANCE**
**(Against All Defendants)**

48.

Plaintiff repeats and re-alleges Paragraphs 1 through 47 of the Complaint above as if fully set forth herein.

49.

Defendants are liable for nuisance because they created or maintained a continuous, dangerous condition on the Subject Premises by failing to remedy the criminal activity on the Subject Premises that persisted over a period of time which Defendants had knowledge of and an opportunity to abate.

50.

As a direct and proximate result of Defendants' inaction, the Plaintiff, JERMAINE LEE, suffered bodily injuries, and has experienced physical pain and suffering and mental pain and anguish, loss of enjoyment of life in the past and will continue to suffer such losses in the future. The Plaintiff has incurred and will continue to incur medical, and other related expenses in the future. Plaintiff has incurred significant medical expenses in the amount of approximately $242,000.91.

13

## COUNT III

## PUNITIVE DAMAGES
**(Against All Defendants)**

### 51.

Plaintiff repeats and re-alleges Paragraphs 1 through 50 of the Complaint above as if fully set forth herein.

### 52.

Plaintiff shows that the conduct of Defendants was such as to evince an entire want of care and indifference to the consequences of such conduct.

### 53.

Plaintiff shows that such conduct amounted to wanton acts by Defendants without regard to the rights of Plaintiff.

### 54.

Plaintiff shows that the conduct of Defendants was of such a degree of recklessness as to evince a conscious knowledge of the probably harmful consequences to Plaintiff, so as to amount to a reckless disregard for his rights and a specific intent to cause harm.

### 55.

Defendants are guilty of aggravating circumstances as defined by Georgia law which entitles Plaintiff to an award of punitive damages to deter Defendants from such conduct in the future, for which Plaintiff sues Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

a)  That Process and Summons issue, as provided by law, requiring Defendants to appear

14

and answer Plaintiff's Complaint;

b)   That service be had upon Defendants as provided by law;

c)   That Plaintiff be awarded a judgment in favor of Plaintiff and against Defendants for compensatory and special damages in an amount to be proven at trial;

d)   That Plaintiff be awarded a judgment in favor of Plaintiff and against Defendants for punitive damages, as established by the evidence;

e)   That Plaintiff have TRIAL BY A JURY as to all issues before a jury of twelve; and

f)   That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted this 14th day of April, 2022.

RENEAU LAW FIRM, LLC

*/s/ Andrae P. Reneau*
Andrae P. Reneau
Georgia Bar No. 147026
900 Circle 75 Parkway, Suite 1250
Atlanta, Georgia 30339
Direct Tel: (404) 381-1300
Fax: (888) 517-0596
areneau@reneaulawfirm.com

MICHAEL S. WILENSKY, LLC

*/s/ Michael S. Wilensky*
Michael S. Wilensky
Georgia Bar No. 321055
1555 Mt. Vernon Road
Atlanta, GA 30338
Tel: 678-791-1725
Fax: (404) 856-0066
michael@wilenskylaw.com

*Attorneys for Plaintiff*